COGBURN LAW
Jamie S. Cogburn, Esq.
Nevada Bar No. 8409
jsc@cogburncares.com
Erik W. Fox, Esq.
Nevada Bar No. 8804
ewf@cogburncares.com
2580 St. Rose Parkway, Suite 330
Henderson, Nevada 89074
Telephone: (702) 748-7777
Facsimile: (702) 966-3880
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SERGIO PAULO DE LA CANAL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL ONE BANK (USA), N.A., a National Association; EQUIFAX INFORMATION SERVICES LLC, a Foreign Limited-Liability Company; EXPERIAN INFORMATION SOLUTIONS, INC., a Foreign Corporation; and TRANS UNION LLC, a Foreign Limited-Liability Company,<br><br>Defendants. | **COMPLAINT<br>AND JURY DEMAND** |

Plaintiff, Sergio Paulo De La Canal (hereinafter "Plaintiff"), by and through counsel, Cogburn Law, hereby complains against Defendants as follows:

**I.   PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney fees brought pursuant to the Fair Credit Report Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## II. JURISDICTION AND VENUE

### A. JURISDICTION OF THE COURT

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

### B. VENUE

3. Venue is proper pursuant to 28 U.S.C. § 1391 as Defendants do business within the area of the District of Nevada, are subject to the Court's personal jurisdiction and a substantial part of the events giving rise to the claims alleged occurred within the District of Nevada.

## III. PARTIES

4. Plaintiff is a natural person and resident of the State of Nevada.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

6. This matter involves three entities in the business of furnishing credit reports. Equifax, Experian, and Trans Union will be collectively known as the "Credit Bureaus."

7. Upon information and belief, Equifax Information Services, LLC (hereinafter "Equifax") is a foreign entity licensed in the State of Georgia and authorized to do business in the State of Nevada.

8. Upon information and belief, Defendant Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

9. Upon information and belief, Defendant, Experian Information Solutions, Inc. (hereinafter "Experian"), is a foreign entity incorporated under the laws of the State of California and authorized to do business in the State of Nevada.

10. Upon information and belief, Defendant Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

11. Upon information and belief, Defendant, Trans Union LLC (hereinafter "Trans Union"), is a foreign entity licensed in the State of Illinois and authorized to do business in the State of Nevada.

12. Upon information and belief, Defendant, Trans Union, is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f).

13. Upon information and belief, Capital One Bank (USA), N.A. (hereinafter "Capital One" or "the Furnisher") is a national banking association authorized to do business in the State of Nevada.

14. Upon information and belief, Capital One is a furnisher of information under 15 U.S.C. § 1681s-2.

### IV. GENERAL ALLEGATIONS

15. Plaintiff obtained an auto loan from Capital One (hereinafter the "Capital One Auto Loan Debt").

16. Plaintiff paid the Capital One Auto Loan Debt in full.

17. On or about February 21, 2021, Capital One issued a notice to Plaintiff that stated, "Capital One Auto Finance does hereby release its lien or encumbrance on the [Subject Vehicle]."

18. Notwithstanding, the payment and lien release, Capital One furnished information to the Credit Bureaus that the account was in "charge off" status.

19. Plaintiff disputed the account with the Credit Bureaus.

20. After the dispute, the Credit Bureaus continued to falsely report the Capital One Auto Loan Debt as a Charge Off.

21. Capital One furnished false information to the Credit Bureaus.

22. The Credit Bureaus and Capital One failed to conduct a thorough investigation into this dispute.

V.     **CLAIMS FOR RELIEF**

**FIRST CLAIM FOR RELIEF**
**Against the Credit Bureaus**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

23. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

24. The Credit Bureaus violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files published and maintained by the Credit Bureaus concerning Plaintiff.

25. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

26. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, the Credit Bureaus were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

27. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF**
**Against the Credit Bureaus**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

28. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

29. The Credit Bureaus violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant

information to Capital One; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source the Credit Bureaus had reason to know is unreliable.

30. As a result of this conduct, action and inaction of the Credit Bureaus, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

31. The Credit Bureaus' conduct, action and inaction was willful, rendering the Credit Bureaus liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

32. Plaintiff is entitled to recover costs and attorney fees from the Credit Bureaus in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**THIRD CLAIM FOR RELIEF**
**Against the Furnisher**
**(Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681)**

33. Plaintiff realleges and incorporates all preceding paragraphs as if fully set out herein.

34. Capital One violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing the Capital One Auto Loan Debt representation within Plaintiff's credit file with the Credit Bureaus without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the Capital One Auto Loan Debt representation; by failing to review all relevant information regarding same; by failing to accurately respond to the Credit Bureaus; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Capital One Auto Loan Debt representations to the consumer reporting agencies.

35. As a result of this conduct, action and inaction of Capital One, Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

36. Capital One's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

37. Plaintiff is entitled to recover costs and attorney fees from Capital One in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## VI. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants, on all counts, for the following:

1. Declaratory judgment that Defendants' conduct violated the FCRA;
2. Actual damages;
3. Statutory damages;
4. Punitive damages;
5. Costs and reasonable attorney fees; and
6. For such other and further relief as the Court may deem just and proper.

## VII. **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff hereby demands a jury trial.

Dated this 23rd day of November, 2021.

                COGBURN LAW

By:   /s/Erik W. Fox  
     Jamie S. Cogburn, Esq.
     Nevada Bar No. 8409
     Erik W. Fox, Esq.
     Nevada Bar No. 8804
     2580 St. Rose Parkway, Suite 330
     Henderson, Nevada 89074
     *Attorneys for Plaintiff*